**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMITRIUS WILLIAMS, | ) | CASE NO. 5:07CV01498 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE GREG WHITE |
| JESSE WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Petitioner, Demitrius Williams (hereinafter "Petitioner"), challenges the constitutionality of his conviction in the case of *State v. Williams*, Summit County Common Pleas Case No. 2003-06-1872-A.  Williams, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 22, 2007 with the United States District Court for the Northern District of Ohio.  On December 13, 2007, Respondent Jesse Williams (hereinafter "Respondent") filed a Motion to Dismiss the instant petition as time-barred.  (Doc. No. 8.)  Petitioner filed a response on January 7, 2008.  (Doc. No. 9.)  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that the instant petition for a writ of habeas corpus be DISMISSED as time-barred.

## I.  Procedural History

### A.        Conviction

On July 8, 2003, Petitioner was indicted for the following: one count of possession of cocaine in violation of Ohio Revised Code (O.R.C.") § 2925.11, a second degree felony, with a firearm specification; one count of illegal use or possession of drug paraphernalia in violation of O.R.C. § 2925.14(C)(1), a fourth degree misdemeanor; one count of possession of marijuana in violation of O.R.C. § 2925.11, a minor misdemeanor; and one count of having weapons while under disability, a fifth degree felony, with a firearm specification.  (Doc. No. 8-2, Exh. 1.)

On July 9, 2003, Petitioner pled "not guilty" to all charges in the indictment.  (Doc. No. 8-2, exh. 2.)  The case proceeded to a jury trial.  Petitioner was found guilty of complicity to the offense of cocaine possession, including the firearm specification, and complicity to the offense of illegal use or possession of drug paraphernalia.  (Doc. No. 8-2, Exh. 3.)  Petitioner was found not guilty of marijuana possession.[1]  *Id.*

On November 6, 2003, the trial court merged the drug possession convictions and imposed a sentence of six years incarceration.  (Doc. No. 8-2, Exh 4.)  In addition, Petitioner was sentenced to an additional year of incarceration for the firearms specification bringing his aggregate sentence to seven years.  *Id.*  Petitioner also was ordered to pay a $10,000 fine and received a six month suspension of his drivers' license.  *Id.*

### B.        Direct Appeal

On December 2, 2003, Petitioner , represented by counsel, filed a timely Notice of

---

[1]  The charge of having weapons while under disability, with a firearm specification, was dismissed.  (Doc. No. 8-2, Exh. 3.)

2

Appeal with the Ninth District Court of Appeals ("state appellate court").  (Doc. No. 8-2, Exh. 5.)

On March 2, 2004, at the request of Petitioner, his appellate counsel filed a motion to withdraw and motion to assign new counsel.  (Doc. No. 8-2, Exh. 11.)  On March 15, 2005, Petitioner, *pro se*, also filed a motion seeking appointment of new counsel.  (Doc. No. 8-2, Exh. 12.)  On April 14, 2004, the state appellate court denied both motions for new counsel.  (Doc. No. 8-2, Exh. 13.)  On April 29, 2004, Petitioner, *pro se*, again filed a motion seeking appointment of new counsel.  (Doc. No. 8-2, Exh. 14.)  The state appellate court treated Petitioner's motion as one for reconsideration.  It was then stricken as untimely.  (Doc. No. 8-2, Exh. 15.)

On June 16, 2004, Petitioner, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio challenging the state appellate court's denial of his motions for appointment of new counsel.  (Doc. No. 8-2, Exhs. 16-17.)  On October 13, 2004, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question.  (Doc. No. 8-2, Exh. 21.)

On August 18, 2004, the state appellate court affirmed the trial court's judgment.  (Doc. No. 8-2, Exh. 22.)  Petitioner did not file a timely appeal with the Supreme Court of Ohio.

On September 27, 2004, Petitioner, *pro se*, filed an "Application For Appellate Review and Reconsideration Pursuant To Appellate Rule 26(B) - On Motion."  (Doc. No. 8-2, Exh. 23.)  As Petitioner sought a reconsideration of the state appellate court's decision rather than a reopening of his appeal, the state appellate court treated Petitioner's motion as arising under

3

Ohio Appellate Rule 26(A).[2]  (Doc. No. 8-2, Exh. 24.)  On October 21, 2004, the state appellate

court denied Petitioner's motion as untimely.  *Id.*

      **C.**    **Application to Reopen**

On January 3, 2005, Petitioner, *pro se*, filed an application to reopen pursuant to Ohio

Appellate Rule 26(B) ("Rule 26(B)") alleging ineffective assistance of appellate counsel and

numerous constitutional claims.  (Doc. No. 8-2. Exh. 25.)  On January 31, 2005, the state

appellate court denied Petitioner's application as untimely.  (Doc. No. 8-2, Exh. 26.)

      **D.**    **Delayed Appeal**

On September 6, 2005, Petitioner, *pro se*, filed a motion for delayed appeal before the

Supreme Court of Ohio.  (Doc. No. 8-2, Exhs. 27-28.)  On October 26, 2005, the Supreme Court

of Ohio denied Petitioner's motion to file a delayed appeal.  (Doc. No. 8-2, Exh. 29.)

      **E.**    **Federal Habeas Petition**

On May 22, 2007, Petitioner filed a Petition for Writ of Habeas Corpus.  (Doc. No. 1.)

The grounds asserted for habeas relief are unclear.  Petitioner concedes that his petition for

habeas relief is untimely filed, but requests that his untimeliness be excused.  *Id.*

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254, because Petitioner filed his habeas petition after the effective

date of the AEDPA.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  In the AEDPA,

Congress enacted a period of limitations for the filing of habeas petitions.  The statute provides,

---

[2]  Ohio Appellate Rule 26(B) applies to applications for reopening an appeal based on
claims of ineffective assistance of appellate counsel, whereas Rule 26(A) applies to
applications for reconsideration.  *See* Ohio Appellate Rule 26.

in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of
> an application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation period
> shall run from the latest of–
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;
>>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation of the
>> Constitution or laws of the United States is removed, if the
>> applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

## A.     One-Year Limitation

In the instant action, Respondent asserts that the Petitioner is time-barred because he did

not file within the one-year limitations period.  Respondent contends that Petitioner's conviction

became final on October 5, 2004, forty-five (45) days after the state appellate court affirmed his

convictions as Petitioner did not file a timely appeal before the Supreme Court of Ohio.  (Doc. No.

8-1 at 7.)  Respondent concedes that 28 U.S.C. § 2244(d)(2) may have tolled the statute of

limitations while Petitioner's motion for delayed appeal before the Ohio Supreme Court was

5

pending, but claims that none of the other motions filed by Petitioner tolled the one-year period. *Id*. However, for the reasons discussed below, it is not necessary for the Court to decide whether the statute of limitations was tolled during the pendency of Petitioner's motions for reconsideration and untimely post-conviction applications.

Assuming *arguendo* that Petitioner's direct appeal did not conclude until ninety (90) days after the Supreme Court of Ohio denied his motion to file a delayed appeal, Petitioner's habeas petition would still be untimely. *See Lawrence v. Florida*, 127 S. Ct. 1079 (2007) (the ninety days constitutes the time period that a defendant has to seek *certiorari* review before the Supreme Court). The Supreme Court of Ohio denied Petitioner's motion to file a delayed appeal on October 25, 2005. (Doc. No. 8-2, Exh. 29.) Therefore, the latest conceivable date that the one-year statute of limitations started running is January 23, 2006. Petitioner, however did not file his habeas petition until May 22, 2007 – well after the January 2007 deadline. Therefore, unless equitable tolling is appropriate, Petitioner's petition should be dismissed as time-barred.

**B.     Equitable Tolling**

Petitioner requests that his untimely filing should be excused because he was hindered from preparing his brief on time. (Doc. No. 1.) Specifically, Petitioner asserts that the prison law library was frequently closed and the number of inmates allowed inside at any given time was restricted. *Id*. Also, Petitioner stated that there were not enough law clerks at the prison library to assist all the inmates seeking help and some clerks were inadequately trained. *Id*.

The party seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Griffin v. Rogers*, 308 F.3d

6

647, 653 (6th Cir. 2002).  The United States Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  However, the Supreme Court is "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.  Furthermore, equitable tolling should be used sparingly. *See, e.g., Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-561.

Petitioner's stated reasons for his delay are insufficient to justify equitable tolling.  While the United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817 (1977), the *Bounds* decision "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  A petitioner's allegation "that he has limited education, is ignorant of the law and legal procedure, lacked funds to hire another attorney, had limited access to legal assistance that was available to prisoners, and was allowed limited use of the prison law library ... are not extraordinary circumstances that warrant equitable tolling for [an] extended period of delay." *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002).  Courts in this circuit have consistently found that extraordinary circumstances, justifying equitable tolling, do not exist simply because a petitioner: (1) is untrained or ignorant of the law; (2) reads and writes poorly; (3)

7

does not have access to or cannot afford professional legal assistance; or (3) received bad legal assistance.  *See, e.g., Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003); *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002); *Holloway v. Jones*, 166 F. Supp.2d 1185, 1189 (E.D. Mich. 2001); *Wilson v. Renico*, 2002 U.S. Dist. LEXIS 24632, *9 (E.D. Mich. Dec. 16, 2002) (unpublished).  In fact, one Sixth Circuit decision declined to equitably toll the AEDPA's statute of limitations where a petitioner alleged that he was limited to one and one-half hours of library access per week.  *See Maclin v. Robinson*, 74 Fed. Appx. 587 (6th Cir. 2003).

Thus, the lack of access to law clerks or the prison law library is not an extraordinary circumstance sufficient to demonstrate equitable tolling.[3]  In addition, Petitioner's diligence in pursuing his claims is questionable.  Even giving Petitioner the benefit of the most favorable expiration date conceivable – January 23, 2007 – his petition was still approximately four months late.  Since Petitioner has failed to demonstrate that he pursued his rights diligently *and* that extraordinary circumstances prevented his timely filing, he has not met the burden necessary to justify equitable tolling of the AEDPA's statute of limitations.  Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

---

[3]  In Exhibit A to his petition, Petitioner attaches a list of days the prison library was closed.  (Doc. No. 1.)  Petitioner has identified a total of thirty (30) days where the prison library was closed for the entire day.  Thus, the prison library was open for at least a portion of the day on three-hundred and thirty-five (335) days of the year, less federal holidays.  In this Court's opinion, this does not constitute an extraordinary circumstance.

### III.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends this matter be DISMISSED

as time-barred.

/s/ *Greg White*
U.S. Magistrate Judge


Date: March 14, 2008


### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

9